

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00441-CR

———————————————

NORMAN BELL, Appellant

V.

THE STATE OF TEXAS

———————————————

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1775055

———————————————

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Norman Bell appeals his conviction for the offense of indecency with a child by exposure, *see* Tex. Penal Code § 21.11(a)(2)(A), and his ten-year sentence, *see id.* §§ 12.33, 12.42(a), 21.11(d). Bell's appointed appellate counsel filed a motion to withdraw and a brief in support of that motion in which counsel concluded that Bell's appeal was frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). After reviewing the record, we agree that Bell's appeal is frivolous and grant counsel's motion to withdraw. We make one minor modification to the reimbursement fees assessed in the judgment and, as modified, affirm the trial court's judgment.

## I. INTRODUCTION

The State indicted Bell for the offense of indecency with a child by exposure, a third-degree felony. *See* Tex. Penal Code § 21.11(a)(2)(A), (d). The indictment included a repeat-offender paragraph, *see id.* § 12.42(a), which, if proven true, raised Bell's punishment range to that of a second-degree felony, *see id.* § 12.33 (providing imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000).

In June 2025, Bell entered a plea bargain in which he agreed to plead guilty to the offense of indecency with a child by exposure and true to the repeat offender enhancement and in which the State agreed to recommend deferred adjudication

2

community supervision for ten years and a $100 fine. The trial court complied with the plea bargain and signed an order of deferred adjudication on the same date.

About two months later, however, in August 2025, the State filed a petition to proceed to an adjudication. In six paragraphs, the State alleged that Bell had violated numerous conditions of his community supervision.

At the hearing on the State's petition in October 2025, Bell pleaded true to all six paragraphs. The trial court found all six paragraphs true, proceeded to find Bell guilty of the offense of indecency with a child by exposure, and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] Bell appealed.

## II.  BACKGROUND

Bell's court-appointed appellate attorney has filed a motion to withdraw and a brief in support of that motion. *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400. Counsel's brief and motion meet the *Anders*'s requirements by presenting a professional evaluation of the record and by demonstrating why there are no arguable grounds for appellate relief. *Id.*, 87 S. Ct. at 1400. Bell's counsel provided him with a copy of the *Anders* brief and his motion to withdraw, notified Bell of his right to file a pro se response and to file a petition for discretionary review in the Court of Criminal Appeals, and provided him with a form motion to access the appellate record.

---

[1]The State had requested a fifteen-year sentence.

3

*See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Bell did not file a substantive response to counsel's *Anders* brief.[2] The State filed a letter stating that it agreed with Bell's counsel and that it would not reply to the *Anders* brief.

### III. DISCUSSION

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have fulfilled our duty to independently examine the record. After reviewing the appellate record and the *Anders* brief, we have determined that the appeal is wholly frivolous and without merit. Our independent review reveals nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Therefore, we grant counsel's motion to withdraw.

---

[2]Bell filed a letter responding to counsel's *Anders* brief in which he requested the appointment of different counsel. He later filed a pro so motion to be bench warranted back to Tarrant County that we understand to be in anticipation of being appointed new counsel. But in the context of *Anders*, an appellant is entitled to new appellate counsel only if the appellate court concludes that the appellant's present counsel improperly filed an *Anders* brief. *See Limauro v. State*, 675 S.W.3d 368, 375 (Tex. App.—Dallas 2023, no pet.).

## IV.  REIMBURSEMENT FEES

We make, however, one minor modification to the trial court's assessment of reimbursement fees.  The bill of costs reflects $15 as a time-payment reimbursement fee under Article 102.030 of the Texas Code of Criminal Procedure.  *See* Tex. Code Crim. Proc. art. 102.030(a).  This $15 is included within the $195 reimbursement fees reflected in the judgment and within the $485 amount in the order to withdraw funds.

A defendant owes this $15 fee only if he pays any part of a fine, court cost, or restitution, or another reimbursement fee on or after the thirty-first day after the fine, court cost, or restitution, or other reimbursement fee was assessed in a judgment.  Tex. Code Crim. Proc. art. 102.030(a)(2).  An appeal, however, stops the clock.  *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).  When a defendant appeals, the clock runs from the issuance of the appellate mandate.  *Id.*

Bell's appeal thus stopped the clock, and we have not issued the mandate.  Consequently, the assessment of the $15 time-payment reimbursement fee against Bell in the judgment, the bill of costs, and the order to withdraw funds is premature.  *See id.*

## V.  CONCLUSION

We grant counsel's motion to withdraw.

We strike the $15 time-payment reimbursement fee from the bill of costs without prejudice to later assessing the time-payment fee if, more than thirty days after the issuance of the appellate mandate, Bell has failed to completely pay any fine,

court cost, or restitution, or other reimbursement fee that he owes. *See id.*; *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *3 (Tex. App.—Fort Worth Feb. 28, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication) (modifying judgment, bill of costs, and order to withdraw funds).

We modify the judgment to reflect reimbursement fees of $180.

We modify the order to withdraw to reflect that Bell has currently incurred court costs and fees in the amount of $470.

As modified, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 6, 2026